# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CASE NO. 5:15-CR-00015-RLV-DCK-1

| | |
|---|---|
| UNITED STATES, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| | ) |
| STEVEN W. CHASE, | ) |
| | ) |
| | ) |
| | ) |

**BEFORE THE COURT** is a Motion to Dismiss for Outrageous Government Conduct filed by Defendant. (Doc. 80). The Government has filed a response. (Doc. 82). Having fully considered the arguments, evidence, and legal authorities, the Court will **DENY** Defendant's Motion to Dismiss.

## I.  BACKGROUND

A second superseding indictment alleged that Defendant (1) engaged in a child exploitation enterprise, in violation of 18 U.S.C. § 2252A(g) (2012) (Count 1); (2) conspired to print and publish a notice or advertisement with a visual depiction of child pornography, in violation of 18 U.S.C. § 2251(d), (e) (2012) (Count 2); (3) printed and published a notice or advertisement with a visual depiction of child pornography, in violation of 18 U.S.C. § 2251(d) (Count 3); (4) transported and shipped, by interstate and foreign commerce, material containing child pornography, in violation of 18 U.S.C. § 2252A(a)(1) (Counts 4-6); and (5) possessed material containing an image of child pornography that had traveled in interstate and foreign commerce, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count 7). (Doc. 31 at 1-4). The charges stem from Defendant's alleged operation of a website. Defendant was arrested on February 20, 2015, the

1

same day the Federal Bureau of Investigation ("FBI") seized the website and commenced operating the website as part of an ongoing investigation, for which the FBI received judicial authorization. (Doc. 5, Doc. 80-1, Doc. 80-2 at 2, 5-6). During the nearly two weeks that the FBI operated the website, the Government estimates that 100,000 unique users logged into the website, resulting in users making available approximately 9,000 images and 200 videos of pornographic materials featuring children and users posting approximately 13,000 links to other websites that contained pornographic materials featuring children. (Doc. 80-2 at 2-4). In his motion to dismiss, Defendant argues that the Government, by way of the FBI, engaged in outrageous conduct and violated his due process rights by maintaining the website following his arrest.

## II. ANALYSIS

Where the government's conduct in the course of a criminal investigation is "so outrageous as to shock the conscience of the court," a defendant may establish a violation of his due process rights. *United States v. Osborne*, 935 F.2d 32, 36 (4th Cir. 1991). The threshold for establishing a due process violation is high and a defendant will not sustain his burden merely by demonstrating "somewhat offensive" or "extremely unsavory" conduct on the part of the government. *Id.*; *see also United States v. Hasan*, 718 F.3d 338, 343 (4th Cir. 2013) (describing a defendant's ability to rely on outrageous government conduct to vacate conviction as theoretical and "highly circumscribed"). Evident of the theoretical nature of a defendant obtaining the dismissal of charges based on outrageous government conduct, neither the United States Court of Appeals for the Fourth Circuit nor the United States Supreme Court have overturned a conviction based on allegedly outrageous government conduct. *See United States v. Russell,* 411 U.S. 423, 430-32 (1973); *Hasan*, 718 F.3d at 343. Furthermore, the plurality opinion in *Hampton v. United States*, 425 U.S. 484, 490 (1976), strongly suggests that a defendant can only establish a due process

violation warranting dismissal of charges based on outrageous government conduct if the conduct deprives the defendant of a specific, protected constitutional right.

Here, the entirety of the investigatory conduct by the FBI on which Defendant relies in support of his motion occurred subsequent to Defendant's arrest for the charged conduct. Therefore, the FBI's operation of the website as part of its ongoing investigation, although arguably unsavory, neither assisted Defendant in allegedly committing the charged acts nor infringed upon any constitutional right belonging to the Defendant.

In an effort to overcome this deficiency in his argument for dismissal, Defendant asserts that the harm to third parties—the children depicted in the 9,000 images, 200 videos, and 13,000 links—during the FBI's operation of the website precludes the Government from relying on the judicial system to prosecute Defendant. Although the case law Defendant cites in support of his argument discusses the possibility that harm to third parties from the investigatory tools employed by the government might present a sufficient ground to reverse a conviction, Defendant fails to cite any case featuring the reversal or dismissal of a conviction based solely on the harm to third parties as a result of the government's investigatory methods. *See United States v. Chin*, 934 F.2d 393, 399-401 (2d Cir. 1991); *United States v. Archer*, 486 F.2d 670, 676-77 (2d Cir. 1973) (conviction reversed on other grounds and possibility of reversal based on harm to third parties left open). Instead, as noted by a plurality of the Supreme Court, in the absence of a constitutional violation, the remedy for "illegal activity" by the police "lies, not in freeing the equally culpable defendant, but in prosecuting the police under the applicable provisions of state or federal law." *Hampton*, 425 U.S. at 490.

**IT IS, THEREFORE, ORDERED THAT** Defendant's Motion to Dismiss for Outrageous Government Conduct (Doc. 80) be **DENIED.**

3

Signed: September 6, 2016

*Richard L. Voorhees*
Richard L. Voorhees
United States District Judge