IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>STEVEN CHASE,<br><br>　　　　　Defendant. | DOCKET NO. 5:15 CR 15-1 |

**MOTION FOR JURY POLL REGARDING SENTENCING**

Steven Chase, by and through his counsel of record, Assistant Federal Defender Peter Adolf, respectfully requests that, in the event he is convicted of any count or counts in the bill of indictment, this Court poll the jurors regarding their individual views of the appropriate punishment in this case.

In deciding on a sentence in any case, the Court must consider, *inter alia,* "the nature and circumstances of the offense and the history and characteristics of the defendant [and] the need for the sentence imposed…to reflect the seriousness of the offense… and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(1 & 2(A)).

Most of the factors listed at § 3553(a) can be evaluated empirically, at least in theory; that is, one can imagine surveying different sentencing outcomes and assessing how effectively they deter future crimes by the defendant or others (*see* § 3553(a)(2)(B & C)), how respect for the law is increased or decreased amongst the general public (*see* § 3553(a)(2)(A)), or how effectively the defendant's correctional needs are met. *See* § 3553(a)(2)(D).

"Reflect[ing] the seriousness of the offense" or "provid[ing] just punishment for the offense" are not empirically-based decisions that can be evaluated by their results, however. Judgments about how serious the crime is and how much punishment is "just" are moral judgments; they are concerned with retribution rather than the long-term usefulness of a particular sentence. "With retribution, society considers the offender's degree of blameworthiness and amount of harm done and imposes punishment accordingly." Hon. James S. Gwin, U.S. Dist. Ct., N.D. Ohio, "Juror Sentiment on Just Punishment: Do the Federal Sentencing Guidelines Reflect Community Values?" 4 Harv. L. & Pol'y Rev. 173, 177 (Winter 2010).

> For federal judges, the requisite punishment to serve these purposes is difficult to determine. Hopefully, we choose sentences that correlate with the values and principles of our country. Hopefully, citizens with knowledge of the offense specifics would believe we have neither underpunished nor overpunished the offender.

*Id.* at 174.

If the sentencing guidelines do not accurately reflect community sentiment regarding what punishment is "just" for a particular offender and a particular crime, then the guidelines do not accurately reflect the § 3553(a) factors, and the sentencing judge may take that disconnect into account when deciding how much weight to give under § 3553(a)(4)(A)(i) to the guideline range calculation. "The district court may not presume that the Guidelines range is reasonable, and it may in appropriate cases impose a non-Guidelines sentence based on disagreement with the Sentencing Commission's views." *Peugh v. United States,* 569 U.S. __, 133 S. Ct. 2072, 2080 (2013) (citations and quotation marks omitted) (quoting *Pepper v. United States,* 562 U.S. 476, 501 (2011)). "[T]he District Court is free to make its own reasonable application of the § 3553(a) factors, and to reject (after due consideration) the

advice of the Guidelines." *Kimbrough v. United States,* 552 U.S. 85, 113 (2007) (Scalia, J., concurring).

Some district judges, observing that "just punishment" in the retributive sense is the primary focus of the sentencing guidelines, *see* Gwin, 4 Harv. L. & Pol'y Rev. at 180-82, and believing that retribution ought to be the central purpose of sentencing in any event, *see id.* at 182-85, have begun surveying jurors after a guilty verdict to discern the jurors' views on what "just punishment" would be for the offender they have just convicted. *See id.* at 186-87. After all, such jurors are the members of the community most familiar with the facts of the case, and therefore in the best position to give insight as to how to apply the larger community's moral position to the unique crime and criminal before them. "To be seen as just, punishment must be consistent with community notions of punishment." *Id.* at 185.

Two months ago, in *United States v. Collins,* __ F.3d __, 2016 WL 3583999, *2 (6th Cir. June 29, 2016) the Sixth Circuit approved post-verdict surveys of juror opinion regarding what a just punishment would be, noting that "when establishing the Sentencing Commission, Congress directed it to take 'the community view of the gravity of the offense' into account when crafting appropriate criminal sanctions," *id.* at *2 (quoting 28 U.S.C. § 994(c)(4)), and adding that juries "can provide insight into the community's view of the gravity of an offense." *Id.* Any concerns about the differing roles of judge and jury are not implicated as long as any such survey is done after the verdict. *Id.*

"Federal law provides nearly unfettered scope as to the sources from which a district judge may draw in determining a sentence." *Id.* Although this Court would be free to disregard jurors' opinions about punishment, such a survey might give the Court a valuable perspective otherwise unavailable in an entirely adversarial proceeding.

The method utilized by District Judges in the Northern District of Ohio, the Southern District of Iowa, and the Northern District of Illinois is to provide the jury, immediately after the verdict, with a "listing of the defendant's record of earlier convictions," Gwin, 4 Harv. L. & Pol'y Rev. at 187, and a questionnaire containing a single question:

*State what you believe an appropriate sentence is, in months \_\_\_\_.*

*Id.* There is no discussion or deliberation among the jurors; rather, the form is simply handed out and the answers filled in and collected. The simplicity and brevity of the proposed questionnaire, answered individually without discussion, ensures that the process would take only a few minutes – barely any longer than polling the jury to affirm their verdict – and would most accurately reflect the individual moral judgments of the jurors, free from the influence of the parties, each other, or anyone else.

**WHEREFORE,** Steven Chase respectfully requests that, if he is convicted of any or all counts in the bill of indictment, the jurors be polled regarding their individual views as to what an appropriate sentence would be.

Respectfully submitted:

  s/ Peter Adolf
Peter Adolf
Assistant Federal Defender
North Carolina Bar No. 37157
Attorney for Steven Chase
Federal Defenders of Western North Carolina, Inc.
129 West Trade Street, Suite 300
Charlotte, NC 28202
(704) 374-0720 (phone)
(704) 374-0722 (fax)
Peter_Adolf@fd.org

DATE: September 9, 2016

# CERTIFICATE OF SERVICE

I, Peter Adolf, Assistant Federal Defender, hereby certify that I have served a copy of the attached Motion for Jury Poll Regarding Sentencing upon the following via electronic filing:

**Cortney Randall**
U.S. Attorney's Office
227 W. Trade Street
Suite 1700
Charlotte, NC 28202
704-338-3116
704-227-0254 (fax)
cortney.randall@usdoj.gov

**Keith A. Becker**
U.S. Department of Justice, Criminal Division
Child Exploitation and Obscenity Section
1400 New York Ave., NW, Sixth Floor
Washington, DC 20530
202-305-4104
Fax: 202-514-1793
Email: Keith.Becker@usdoj.gov

**Michael Wayne Grant**
United States Department of Justice
1400 New York Ave, N.W.
Sixth Floor
Washington, DC 20005
202-307-1982
Fax: 202-514-1793
Email: michael.grant@usdoj.gov

**Reginald E. Jones**
United States Department of Justice
1400 New York Avenue NW
Washington, DC 20005
202-286-1059
Fax: 202-514-1793
Email: reginald.jones4@usdoj.gov

Respectfully submitted:

  s/ Peter Adolf
Peter Adolf
Assistant Federal Defender
North Carolina Bar No. 37157
Attorney for Steven Chase
Federal Defenders of Western North Carolina, Inc.
129 West Trade Street, Suite 300
Charlotte, NC 28202
(704) 374-0720 (phone)
(704) 374-0722 (fax)
Peter_Adolf@fd.org

DATE: September 9, 2016