UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 5:15CR15-RLV |
| | ) | |
| v. | ) | |
| | ) | |
| (1) STEVEN W. CHASE | ) | |

**GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE
CERTAIN EVIDENCE AND ARGUMENT**

The United States respectfully files this motion in limine, pursuant to Federal Rules of Evidence 401, 402, and 403, to preclude argument or evidence of its brief operation of the "Playpen" child pornography website or the potential punishment in this case. The government's brief operation of Playpen occurred after Chase was identified and arrested. As such, it is unrelated to the conduct for which Chase is being prosecuted and would therefore not assist the trier of facts to determine a fact at issue. Similarly, any argument or evidence of the potential punishment Defendant will face if convicted should be barred because this information is irrelevant and consideration of it by the jury would be improper.

**I.  PROCEDURAL HISTORY**

On February 18, 2015, Chase was charged in the Western District of North Carolina with engaging in a child exploitation enterprise, conspiracy to advertise child pornography, advertising child pornography, transporting child pornography, and possessing child pornography for his role as creator and primary administrator of the child pornography website Playpen. On August 23, 2016, defense filed a motion to dismiss the Indictment alleging that the government's brief continued operation of Playpen to identify users amounts to "outrageous government conduct." On September 1, 2016, the government responded to defendant's motion to dismiss asserting that

1

Chase was identified and arrested prior to the government's brief operation so the brief operation of Playpen is unrelated to the conduct for which Chase is being prosecuted. On September 6, 2016, this court denied defendant's motion to dismiss Indictment ruling that "the government's conduct in operating the website occurred subsequent to Defendant's arrest for charged conduct and therefore the conduct neither assisted Defendant in allegedly committing the charged acts nor infringed upon any constitutional right belonging to Defendant." *see* Order on Motion to Dismiss, Doc. No. 85.

## II. LAW AND ARGUMENT

### A. ANY ARGUMENT OR EVIDENCE REGARDING THE GOVERNMENT'S BRIEF OPERATION OF PLAYPEN SHOULD BE PRECLUDED UNDER FEDERAL RULES OF EVIDENCE 401, 402, AND 403 BECAUSE IT IS IRRELEVANT, MISLEADING, AND COULD CONFUSE THE JURY.

Any mention of or reference to the government's brief operation of Playpen should be precluded under Federal Rules of Evidence 401 and 402 because it is not relevant, and under Federal Rule of Evidence 403 because, even if it were relevant, its probative value is substantially outweighed by the danger of unfair prejudice or misleading or confusing the jury.

Rule 401 of the Federal Rules of Evidence defines relevant evidence as any evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." "Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case." Fed. R. Evid. 401 Advisory Committee Note. Thus, evidence is relevant (and therefore potentially admissible) only to the extent it adds to a jury's ability to consider the matters presented for a decision. Rule 402 states, "Evidence which is not relevant is not admissible." Fed. R. Evid. 402. Evidence of the government's brief operation of Playpen should be precluded under Rules 401 and 402 because, as this court

2

articulated in its Order denying Chase's motion to dismiss Indictment, the government's operation of Playpen did not assist Chase in committing any of the alleged conduct for which he has been charged.

Further, Rule 403 of the Federal Rules of Evidence states that even evidence that is otherwise relevant may be precluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of evidence." Fed. R. Evid. 403; *see also Koch v. Koch Indus, Inc.*, 203 F.3d 1202, 1229 (10th Cir. 2000). Unfair prejudice means "an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Tan, 254 F.3d 1204, 1211* (10th Cir. 2001). In this case, reference to the government's brief operation of Playpen should also be precluded under Rule 403 because, the probative value, if there were any, would be substantially outweighed by the risk that the jury will be unfairly prejudiced, confused, or misled. As articulated in its response to Chase's motion to dismiss, the government bore no responsibility for Chase's criminal conduct and the medium by which it ultimately identified Chase existed before and completely apart from its subsequent role in briefly hosting and monitoring the Playpen website to identify users. Therefore, any argument or evidence to the fact that the government briefly operated Playpen to identify website users is unfairly prejudicial because it would invite the jury to make its decision based on actions taken by the government rather than based on the conduct for which the defendant has been charged.

Based on the foregoing reasons, the government respectfully request that this court preclude Chase from presenting argument or evidence of its brief operation of the Playpen child pornography website.

3

Case 5:15-cr-00015-RLV-DCK   Document 87   Filed 09/09/16   Page 3 of 9

## B.  THE ISSUE OF PUNISHMENT IS IRRELEVANT AT TRIAL.

Any potential sentence Defendant may receive if convicted, such as a term of incarceration, or other consequence, such as having to register as a sex offender, has no bearing on the issue the jury is required to determine.  It is well established that, unless the jury has a role in sentencing, the jury may not, in reaching its verdict, consider what sentence might be imposed. *Shannon v. United States*, 512 U.S. 573, 579 (1994) (citing *Rogers v. United States*, 422 U.S. 35, 40 (1975)). This principle "is a reflection of the basic division of labor in our legal system between judge and jury. The jury's function is to find the facts and to decide whether, on those facts, the defendants are guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict." *Shannon*, 512 U.S. at 579. Information regarding what sentence might be imposed following a guilty verdict is therefore "irrelevant to the jury's task," *Shannon,* 512 U.S. at 579, and the jury is not to consider the potential punishment that could result from conviction. *United States v. Delgado*, 914 F.2d 1062, 1067 (8th Cir. 1990); *United States v. Johnson*, 62 F.3d 849, 850-51 (6th Cir. 1995).

Moreover, "[t]o inform the jury that the court may impose a minimum or maximum sentence, will or will not grant probation, when a defendant will be eligible for a parole, or other matters relating to disposition of the defendant, tends to draw the attention of the jury away from their chief function as sole judges of the facts, open the door to compromise verdicts and to confuse the issue or issues to be decided." *Pope v. United States*, 298 F.2d 507, 508 (5th Cir. 1962). Providing sentencing information to the jury "invites [jurors] to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Shannon,* 512 U.S. at 579. Indeed, it has been recognized that "the only possible purpose that would be served by informing jurors of the mandatory sentence would be to invite jury nullification of the law." *Johnson*, 62 F.3d at 850-51. Just as it would be improper for

4

the court to instruct the jury as to its power to nullify, "[an] attorney's attempt to achieve the same end indirectly, by arguing the severity of the punishment to the jury, is equally impermissible." *United States v. Manning*, 79 F.3d 212, 219 (1st Cir.), cert. denied, 519 U.S. 853 (1996).

Therefore, information relating to punishment or collateral consequences following conviction is irrelevant and should be excluded from evidence in accordance with Fed. R. Evid. 402. Accordingly, the government respectfully requests that this Court enter an Order prohibiting Defendant, his counsel, and all witnesses from disclosing to the jury any information regarding the consequences that may result if Defendant is found guilty of the charges contained in the Second Superseding Bill of Indictment.

### C. DEFENDANT MAY NOT ARGUE FOR A JURY NULLIFICATION VERDICT.

It would also be improper for Defendant in any way to suggest to the jury that the jury should acquit for reasons beyond the facts and the law. In 1895, the United States Supreme Court decided *Sparf & Hansen v. United States*, 156 U.S. 51 (1895), which is still universally regarded as the decisive case disapproving of jury nullification. In *Sparf*, the defendants, convicted of murder, sought review on the theory that the trial judge had unconstitutionally usurped the jury's province by instructing it that, although the jury had the power to bring in a verdict of manslaughter, any verdict other than a conviction for murder, the crime charged, or a total acquittal would violate its oaths and duties. *Id*. at 59-63. The Supreme Court rejected their argument, holding that, although a jury has an absolute power to ignore a judge's directions, it has no such right and to do so is wrongful. *Id*. at 101-02. Therefore, though a judge cannot usurp the jury's raw power to nullify a verdict by, for example, directing a conviction or vacating an acquittal, the Supreme Court in *Sparf* held that it is proper for a judge to instruct a jury to take the law only from the judge and not find it on its own. *Id*. at 102-03; 105-06. As the Supreme Court explained: "Public and private safety alike would be in peril if the principle be established that

5

juries in criminal cases may, of right, disregard the law as expounded to them by the court, and become a law unto themselves." *Id*.

Although some have since argued for the "right" of a jury to an instruction informing the jury of their nullification power, the federal courts of appeals have followed the Supreme Court's decision in *Sparf* and have consistently declared that, although constitutionally unpreventable, nullification is a wrongful action. *E.g., United States v. Marchese*, 438 F.2d 452, 455 (2d Cir. 1971) (holding court did not err in instructing jury that it is bound to accept law as given by court). Thus, the law is plain that it is improper for the defendants to suggest in any way that the jury should acquit him even if it finds that the United States has met its burden of proof. *See United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) ("[A]n unreasonable jury verdict . . . is lawless, and the defendant has no right to invite the jury to act lawlessly. Jury nullification . . . is not a right, either of the jury or of the defendant"); *Scarpa v. Dubois*, 38 F.3d 1, 11 (1st Cir. 1994) ("Defense counsel may not press arguments for jury nullification in criminal cases"); *United States v. Trujillo*, 714 F.2d 102, 105 (11th Cir. 1983) ("Appellant's jury nullification argument would have encouraged the jurors to ignore the court's instruction and apply the law at their caprice. While we recognized that a jury may render a verdict at odds with the evidence or the law, neither the court nor counsel should encourage jurors to violate their oath."); *United States v. Edwards*, 101 F.3d 17, 19 (2d Cir. 1996) (holding good motives do not nullify a defendant's violation of the law and a jury should not be encouraged to consider such arguments).

This general prohibition also extends to arguments regarding sentencing. "[A]rguing punishment to a jury is taboo…" *United States v. Richardson*, 130 F.3d 765, 778 (7th Cir. 1997) *rev'd on other grounds,* 119 S.Ct. 1707 (1999). "[U]nless a jury has a role in sentencing, such as in capital sentencing proceedings, jurors should be instructed not to consider a defendant's potential sentence during deliberations." *United States v. Lewis*, 110 F.3d 417, 422 (7th Cir. 1997).

> The principle that juries are not to consider the consequences of their verdicts is a reflection of the basic division of labor in our legal system between judge and jury. The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict. Information regarding the consequences of a verdict is therefore irrelevant to the jury's task. Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion.

*Shannon v. United States*, 512 U.S. 573, 579, 114 S.Ct. 2419, 2424 (1994). This includes, of course, information concerning statutory maximum and minimum sentences. *Id*. at 586 - 87 ("But, as a general matter, jurors are not informed of mandatory minimum or maximum sentences, nor are they instructed regarding probation, parole, or the sentencing range accompanying a lesser included offense."). In that the jury will not have any role in sentencing in this case, they need not be advised of anything having to do with sentencing.

It is proper to file a motion in limine to exclude such argument from the trial. *See United States v. Young*, 20 F.3d 758, 765 (7th Cir. 1994) (affirming trial court's granting of government's motion in limine to exclude jury nullification arguments); *United States v. Sloan*, 704 F. Supp. 880, 884 (N.D. Ind. 1989) (granting government's motion in limine to preclude jury nullification arguments). This Court can and should prevent defense counsel from pressing arguments for jury nullification in criminal cases. *See United States v. Young*, 470 U.S. 1, 7-10 (1985) (holding that court has duty to prevent counsel from making improper arguments to the jury, including those that are designed to divert the jury from its duty to decide the case on the facts and the law); *United States v. Avery*, 717 F.2d 1020, 1027 (6th Cir. 1983) (affirming district court's refusal to encourage jury to consider anything other than the facts and law); *United States v. Burkhardt*, 501 F.2d 993, 996-97 (6th Cir. 1974) (holding that court should instruct jury to ignore everything but the facts and the law); *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993) ("[N]either

7

the court nor counsel should encourage jurors to exercise [nullification] power. A trial judge, therefore, may block defense attorneys' attempts to serenade a jury with the siren song of nullification.") (citations omitted); *United States v. Muse*, 83 F.3d 672, 677 (4th Cir. 1996) (explaining that trial court should prevent defense counsel from presenting nullification arguments to the jury); *United States v. Trujillo*, 714 F.2d 102, 105 (11th Cir. 1983) (holding that a district court has duty to try to ensure that the jury reaches a verdict based upon the evidence and the law). Accordingly, defense counsel should focus the jury's attention on the facts and not try to confuse it with irrelevant evidence or appeals based on emotion, sympathy or other similar consideration and the Court should allow the motion in limine on this issue.

**RESPECTFULLY SUBMITTED**, this the 9th day of September, 2016.

JILL WESTMORELAND ROSE
UNITED STATES ATTORNEY

s/ Cortney S. Randall
Assistant United States Attorney
NC Bar Number: 31510
Attorney for the United States
United States Attorney's Office
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
Telephone: 704.344.6222
Fax: 704.344.6629
E-mail: cortney.randall@usdoj.gov

s/ Reginald E. Jones
Trial Attorney
Mississippi Bar Number: 102806
Attorney for the United States
U.S. Department of Justice, Criminal Division
Child Exploitation and Obscenity Section
Telephone: 202.616.2807
Reginald.Jones4@usdoj.gov

8

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on this day, September 9, 2016, the foregoing was duly served upon counsel for the defendant by electronic means via the Court's ECF system to:

Peter Adolf
Attorney for Defendant
Peter_Adolf@fd.org

    s/ Cortney S. Randall
    Assistant United States Attorney
    NC Bar Number: 31510
    Attorney for the United States
    United States Attorney's Office
    227 West Trade Street, Suite 1650
    Charlotte, North Carolina 28202
    Telephone: 704.344.6222
    Fax: 704.344.6629
    E-mail: cortney.randall@usdoj.gov

    s/ Reginald E. Jones
    Trial Attorney
    Mississippi Bar Number: 102806
    Attorney for the United States
    U.S. Department of Justice, Criminal Division
    Child Exploitation and Obscenity Section
    Telephone: 202.616.2807
    Reginald.Jones4@usdoj.gov

9

Case 5:15-cr-00015-RLV-DCK   Document 87   Filed 09/09/16   Page 9 of 9