IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

CRIMINAL NO. 5:15cr15-RLV-DCK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | NOTICE OF PROPOSED |
| v. | ) | JURY INSTRUCTIONS |
| | ) | AND VERDICT SHEET |
| (1) STEVEN W. CHASE | ) | |

NOW COMES THE UNITED STATES OF AMERICA, by and through Jill Westmoreland Rose, United States Attorney for the Western District of North Carolina, and hereby submits proposed Jury Instructions for the forfeiture phase, if necessary, in the above-captioned trial.

The Government is requesting forfeiture of the following properties (collectively, "the Properties"):

- The real property at 3570 15th Avenue SW, Naples, Florida ("the Real Property"), identified in the Second Superseding Indictment (Doc. 31 at Page 7). Defendant owns the Real Property and committed his offenses from the privacy of the Real Property. Defendant was, in fact, operating PlayPen at the Real Property when law enforcement executed a Search Warrant in this case;

- One ASUS Laptop, Serial Number ELN0CV0907390L2 ("the ASUS Laptop"). The ASUS Laptop was powered-on and at the Real Property when law enforcement executed a Search Warrant in this case. Law enforcement thereafter seized and searched the ASUS Laptop, identifying that the ASUS was running programs used to administer and operate PlayPen; and

- One Cruzer 128GB Thumbdrive ("the Cruzer Thumbdrive"). The Cruzer Thumbdrive was inserted into the powered-on ASUS Laptop when law enforcement executed a Search Warrant in this case. The Cruzer Thumbdrive stored files used to operate PlayPen.

1

Based on the foregoing, the Government contends that the Real Property, the ASUS Laptop, and the Cruzer Thumbdrive are subject to forfeiture pursuant to 18 U.S.C. § 2253(a)(3) as property used or intended to be used to promote the commission of Defendant's offenses. 18 U.S.C. § 2253(a)(3); *see also United States v. Ownby*, 926 F. Supp. 558, 566 (W.D. Va. 1996) (Overruling defendant's objection that forfeiture of residence in which he used computer to possess, receive, and transport child pornography was excessive; reasoning that "it is clear that the privacy afforded by the dwelling was essential to Ownby's commission of the charged offenses."), *aff'd*, 131 F.3d 138 (4th Cir. 1997) (Table); *United States v. Wilk*, 2007 WL 2263942, at *1 (S.D. Fl. Aug. 6, 2007) (same in case of forfeiture of residence when in excess of 90 images were on computer in home); *cf. United States v. 7046 Park Vista Road*, 537 F. Supp. 2d 929, 940-41 (S.D. Oh. 2008) (determining, on Government's summary judgment motion in civil forfeiture case, that residence in which Section 2251 and 2252 violations occurred was forfeitable).

If Defendant is found guilty ***and*** he requests, pursuant to Fed. R. Crim. P. 32.2(b)(5), that the jury determine whether the Government has established the requisite nexus between the Properties and the Count One, Count Two, and Count Three offenses committed by Defendant, the United States proposes the following Jury Instructions and Special Verdict form relating to the criminal forfeiture of the Properties.[1] The Court must determine, ***before the jury begins its initial deliberations*** on guilt or innocence, whether either party requests a jury as to forfeiture. Fed. R. Crim. P. 32.2(b)(5)(A). If Defendant ***does not*** request a jury determination, the

---

[1] In the event that Defendant is convicted on other counts but not on Counts One, Two, or Three, the United States remains ready to provide amended instructions or assist the Court in amending instructions as appropriate. However, the United States is providing instructions based on Counts One, Two, and Three because those counts provide the simplest means for the Jury to decide forfeiture as to all three identified assets.

2

Government will also waive the jury and ask the Court to decide whether the nexus has been established. Rule 32.2(b)(1)(A)(B). The Government anticipates that the trial evidence will be sufficient for the Court or, if necessary and requested by Defendant, the jury, to decide the forfeiture of the Properties without additional evidence or arguments of counsel.

    If Defendant requests a jury determination of forfeiture, the jury's role is limited to a determination of whether the Government has established the requisite nexus between the Properties and Count One, Count Two, and/or Count Three. Therefore, the United States requests that the following instructions be read to the jury prior to deliberation on the forfeiture phase of the trial.

    Respectfully submitted, this, the 9th day of September, 2016.

JILL WESTMORELAND ROSE
UNITED STATES ATTORNEY

**s/ Benjamin Bain-Creed**
Florida Bar # 0021436
Assistant United States Attorney
Suite 1650, Carillon Building
227 West Trade Street
Charlotte, North Carolina 28202
Telephone: (704) 344-6222
Fax: (704) 344-6629
Email: benjamin.bain-creed@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on the parties and counsel of record by submitting it to the Court for electronic notice.

s/ Benjamin Bain-Creed
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

CRIMINAL NO. 5:15cr15-RLV-DCK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | JURY INSTRUCTIONS |
| | ) | |
| (1) STEVEN W. CHASE | ) | |

1

## UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 1

### (Jury's duty regarding forfeiture)

Ladies and Gentlemen of the Jury, in view of your verdicts on Count One that Defendant is guilty of a child exploitation enterprise; on Count Two that Defendant is guilty of engaging in a conspiracy to make, print, and publish visual depictions involving the use of minors engaged in sexually explicit conduct; and on Count Three that Defendant made, printed, and published, and caused to be made printed, and published, visual depictions involving the use of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. §§ 2252A and 2251, you have one more task to perform before I discharge you.[2]  What you must now decide is whether Defendant must forfeit certain property that the Government claims is subject to forfeiture to the United States because of its connection to this crime, namely:[3]

- The real property at 3570 15th Avenue SW, Naples, Florida;

- One ASUS Laptop, Serial Number ELN0CV0907390L2, seized during the investigation; and

- One Cruzer 128GB Thumbdrive, seized during the investigation.

---

[2] Fed.R.Crim.P. 32.2(b)(1) ("As soon as practical after a verdict or finding of guilty . . . on any count in an indictment . . . regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute."); *see also* Rule 32.2(b)(5)(A), providing for a jury determination upon a party's request.

[3] *United States v. Sandini*, 816 F.2d 869, 873-74 (3d Cir. 1987) (issues of culpability and forfeitability should be determined in the same trial, but the jury should not consider the special forfeiture verdict until after it has convicted the defendant)

2

# UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 2

**(Forfeiture defined)**

Forfeiture means that, as part of the penalty for engaging in criminal activity, Defendant loses any ownership or interest he has or claims to have in certain property. Under federal law, any person who is convicted of violating 18 U.S.C. §§ 2252A or 2251 shall forfeit to the United States any real property and personal property used or intended to be used to commit or to promote the commission of that person's Section 2252A or 2251 offense.[4]

---

[4] 18 U.S.C. § 2253(a)(3).

# UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 3

# (Nexus)

In order to determine whether forfeiture is merited under this federal law in this case, you will be asked to return a Special Verdict of forfeiture on whether there is a nexus between the Section 2252A and Section 2251 offenses and the real property and computer items identified in these instructions and on the Special Verdict sheet that I will provide to you.[5]

"Nexus" means that there is a substantial connection between the properties and the crime. A substantial connection may be established by showing that the use of the property made the crime less difficult or more or less free from obstruction or hindrance.[6] For example, a nexus between a computer and a child exploitation offense may be established by the use of the computer in the offense. Similarly, the privacy afforded by a home so that a defendant may privately use a computer in a child exploitation offense may establish a nexus of that home to the offense.[7]

You must now consider what verdict to render on the question whether there is a nexus between the computer items and real property identified on the Special Verdict that I will

---

[5] *See* Fed. R. Crim. P. 32.2(b)(1) (court shall "determine whether the government has established the requisite nexus between the property and the offense"); *United States v. Cherry*, 330 F.3d 658, 669 n. 17 (4th Cir. 2003).

[6] *United States v. Herder*, 594 F.3d 352, 364 (4th Cir. 2010).

[7] *United States v. Ownby*, 926 F. Supp. 558, 566 (W.D. Va. 1996), *aff'd*, 131 F.3d 138 (4th Cir. 1997) (Table).

4

provide to you, and the child exploitation violations of which you have already found Defendant guilty.[8]

---

[8] Fed. R. Crim. P. 32.2(b)(1) (court or jury shall "determine whether the government has established the requisite nexus between the property and the offense"); *United States v. Sokolow*, 91 F.3d 396, 414-15 (3d Cir. 1996) (jury must determine only if there was nexus between property and offense).

# UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 4

## (Findings on guilt are binding)

I instruct you, however, that your previous findings that Defendant is guilty of the violations set forth in Counts One, Two, and Three are final, conclusive, and binding. Because you are bound by your previous findings that Defendant is guilty, I direct you not to discuss in your forfeiture deliberations whether Defendant is guilty or not guilty of any violations.

All of my previous instructions regarding direct and circumstantial evidence, credibility of witnesses, and duty to deliberate apply with respect to your verdict regarding forfeiture.

# UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 5

## (Government's burden of proof regarding forfeiture)

As I have already noted, all of my previous instructions regarding direct and circumstantial evidence, credibility of witnesses, and duty to deliberate apply with respect to your verdict regarding forfeiture. However, in deliberating and deciding your verdict regarding forfeiture, I instruct you that the Government need only prove by a preponderance of the evidence whether there is a connection, or nexus, between the offense and the specific properties identified.[9] The Government is not required to prove the nexus beyond a reasonable doubt.

I instruct you that, in order for the Government to establish by a preponderance of the evidence the nexus of specific properties to the offense, the Government must prove that it is more likely than not that the specific properties were used or intended to be used to commit or to promote the commission of the Section 2252 offense. In other words, "preponderance of the evidence" means that the Government's evidence, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that there is a nexus between the specifically identified properties and Defendant's crime. Your job is to determine whether the nexus is ***more likely than not.***[10] The nexus may be established by circumstantial evidence.

---

[9] *Libretti v. United States*, 516 U.S. 29, 38-40 (1995) (criminal forfeiture is part of sentencing); *Cherry*, 330 F.3d at 669 (4th Cir. 2003) (trial court properly instructed jury on preponderance burden); *United States v. Tanner*, 61 F.3d 231, 233 (4th Cir. 1995).

[10] *South-East Coal Co. v. Consolidation Coal Co.*, 434 F.2d 767, 778 (6th Cir. 1970) (definition of "preponderance of the evidence").

7

**UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 6**

**(Jury may consider trial evidence as well as
any additional evidence presented on the issue of forfeiture)**

While deliberating, you may consider any evidence, including but not limited to testimony, offered by the parties at any time during this trial.[11]

---

[11] *United States v. Bornfield*, 145 F.3d 1123, 1134 (10th Cir. 1998) (quoting jury instruction that while deliberating on forfeiture "you may consider any evidence offered by the parties before your previous deliberations").

8

# UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 7

**(Duty not to consider certain issues to be decided by the court)**

I further instruct you that what happens to any property that is declared forfeited is exclusively a matter for the court to decide. You should not consider what might happen to the property in determining whether the property is subject to forfeiture. In this connection, you should disregard any claims that other persons may have to the property. The interests that other persons may have in the property will be taken into account by the court at a later time. Similarly, any claims that the forfeiture of the property would constitute excessive punishment will be taken into account by the Court at a later time.

Your sole concern now is to determine whether the properties were used or intended to be used to commit or to promote the commission of the Count One, Two, or Three offenses in violation of 18 U.S.C. §§ 2252A(g) or 2251.

## UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 8

### (Unanimous verdict)

You must reach a unanimous verdict as to each question on the Special Verdict Form. Everyone must agree to any "YES" or "NO" answer. Everyone must agree on whether the preponderance of the evidence proves that the property identified on the form was used or intended to be used to commit or to promote the commission of the Count One, Two, or Three offense in violation of 18 U.S.C. §§ 2252A(g) or 2251.

# UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 9

## (Special Verdict form)

A Special Verdict form has been prepared for you. The Special Verdict form lists the properties—including the real property and computer items addressed in evidence at trial—which the Government asserts are subject to forfeiture.

You may answer by simply putting an "X" or check mark in the space provided next to the words "YES" or "NO" on each question.

11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

CRIMINAL NO. 5:15cr15-RLV

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | SPECIAL VERDICT |
| v. ) | |
| ) | |
| STEVEN W. CHASE ) | |

We, the jury, unanimously find by a preponderance of the evidence as follows:

**COUNT ONE FORFEITURE**

1. Was the real property at 3570 15th Avenue SW, Naples, Florida used or intended to be used to commit or to promote the commission of the Count One offense in violation of 18 U.S.C. § 2252A(g)?

    _____Yes          _____No

2. Was the ASUS Laptop, Serial Number ELN0CV0907390L2, seized during the investigation, used or intended to be used to commit or to promote the commission of the Count One offense in violation of 18 U.S.C. § 2252A(g)?

    _____Yes          _____No

3. Was the Cruzer 128GB Thumbdrive, seized during the investigation, used or intended to be used to commit or to promote the commission of the Count One offense in violation of 18 U.S.C. § 2252A(g)?

    _____Yes          _____No

1

## COUNT TWO FORFEITURE

4. Was the real property at 3570 15th Avenue SW, Naples, Florida used or intended to be used to commit or to promote the commission of the Count Two offense in violation of 18 U.S.C. § 2251(d) and (e)?

    _____Yes          _____No

5. Was the ASUS Laptop, Serial Number ELN0CV0907390L2, seized during the investigation, used or intended to be used to commit or to promote the commission of the Count Two offense in violation of 18 U.S.C. § 2251(d) and (e)?

    _____Yes          _____No

6. Was the Cruzer 128GB Thumbdrive, seized during the investigation, used or intended to be used to commit or to promote the commission of the Count Two offense in violation of 18 U.S.C. § 2251(d) and (e)?

    _____Yes          _____No

## COUNT THREE FORFEITURE

7. Was the real property at 3570 15th Avenue SW, Naples, Florida used or intended to be used to commit or to promote the commission of the Count Three offense in violation of 18 U.S.C. § 2251(d)?

    _____Yes          _____No

8. Was the ASUS Laptop, Serial Number ELN0CV0907390L2, seized during the investigation, used or intended to be used to commit or to promote the commission of the Count Three offense in violation of 18 U.S.C. § 2251(d)?

   _____Yes        _____No

9. Was the Cruzer 128GB Thumbdrive, seized during the investigation, used or intended to be used to commit or to promote the commission of the Count Three offense in violation of 18 U.S.C. § 2251(d)?

   _____Yes        _____No

Foreperson sign and date the completed verdict form.

_____        _____
Foreperson                                            Date