IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

DOCKET NO. 5:15cr15

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | AMENDED PRELIMINARY |
| v. | ) | ORDER OF FORFEITURE |
| | ) | |
| (1) STEVEN W. CHASE | | |

THIS MATTER is before the Court on the United States of America's Motion for Preliminary Order of Forfeiture. The United States requests, pursuant to 18 U.S.C. § 2253(a)(3), Fed. R. Crim. P. 32.2(b), and the Special Verdict (Doc. 99) on forfeiture, that this Court order forfeiture of the following properties that the United States contends constitute properties used or intended to be used to commit or promote the commission of the Count One 18 U.S.C. § 2251A(g) offense of engaging in a child exploitation enterprise and the Count Three 18 U.S.C. § 2251(d) offense of advertising child pornography:

- One ASUS laptop, serial number E1N0CV090739012 (hereafter, "ASUS Laptop");
- One Cruzer 128GB thumbdrive (hereafter, "Cruzer Thumbdrive"); and
- The real property at 3570 15th Avenue, SW, Naples, Florida, identified in a deed to Steve Chase and Barbara Chase, husband and wife, recorded at Book 2337, Page 0771 of the Collier County Clerk of the Circuit Court, also known as Parcel 37988440001, and more particularly described as follows:

    > THE EAST 105' OF THE EAST 180' OF TRACT 90, UNIT 27, GOLDEN GATE ESTATES, ACCORDING TO A PLAT THEREOF RECORDED IN PLAT BOOK 7, PAGES 17 AND 18, OF THE PUBLIC RECORDS OF COLLIER COUNTY, FLORIDA.

    (hereafter, "Naples Residence").

For good cause, this Court GRANTS the Motion. In support of this Order, the Court FINDS AS FOLLOWS:

# BACKGROUND

On August 19, 2015, a Grand Jury in the Western District of North Carolina returned a Second Superseding Indictment (Doc. 31; hereafter, "Indictment") against Defendant and others, charging Defendant with, *inter alia*, engaging in a child exploitation enterprise as set forth in Count One; a conspiracy to advertise child pornography as set forth in Count Two; advertising child pornography as set forth in Count Three; transporting child pornography as set forth in Count Four; transporting child pornography as set forth in Count Five; transporting child pornography as set forth in Count Six; and possessing child pornography as set forth in Count Seven. The charges were based on Defendant's role as administrator of a worldwide child pornography website known as "Playpen" on the TOR network on the so-called "dark-web." The Government contends that Playpen facilitated the worldwide sharing of in excess of approximately 100,000 in images among in excess of 150,000 Playpen users.

The Indictment also contained a "Notice of Forfeiture and Finding of Probable Cause" whereby the Grand Jury found probable cause that the Naples Residence was subject to forfeiture. Defendant resided at the Naples Residence during the course of the offenses. Further, the Naples Residence was titled to Defendant and his deceased spouse.

Defendant pled not guilty and elected a jury trial. Ahead of trial, the Government filed a Notice of Proposed Jury Instructions and Verdict Sheet (Doc. 88) and a Trial Brief (Doc. 90), informing Defendant and the Court that the Government intended to pursue forfeiture of, not only the Naples Residence, but also the ASUS Laptop and Cruzer Thumbdrive, all such forfeitures based on the allegation that Defendant used these items to promote his Count One, Count Two,

and Count Three offenses.[1]   Defendant elected (Doc. 89) to retain the Jury to decide forfeiture.

During the criminal trial, the Government introduced and the Court admitted evidence that established, among other facts, the following:

- On multiple occasions, from the Naples Residence, Defendant logged-in to an email account that he used to register Playpen;
- On at least one occasion, from the Naples Residence, Defendant accessed a PayPal account that he used to fund Playpen;
- On multiple occasions, from the Naples Residence, Defendant logged in to Playpen; and
- At execution of a Search Warrant by law enforcement at the Naples Residence, Defendant fought entry by law enforcement and, once law enforcement entered, law enforcement discovered the ASUS Laptop on, logged-in to the server hosting Playpen with Defendant logged-in as Playpen administrator, with the Cruzer Thumbrive inserted into the ASUS Laptop. Further, law enforcement discovered on the ASUS Laptop a browser history that reflected a history of access to the administrative forum of Playpen. Law enforcement also discovered passwords and administrative instructions for Playpen on the Cruzer Thumbdrive.

Based on, among other evidence, the above-referenced evidence, the Jury found (Doc. 98) Defendant guilty on all counts except for Count Two, on which the Jury was instructed not to return a verdict should the Jury find Defendant guilty on Count One. As to the Count One offense, the Jury found that predicate offenses included advertising child pornography from 2014 through 2015; transporting child pornography on February 1, 2015; transporting child pornography on October 12, 2014; transporting child pornography on September 26, 2014; and possession of child pornography on August 19, 2014 and February 17, 2015. Simply put, the Jury found Defendant guilty of numerous egregious crimes, wide-spread in their duration and impact.

Further, following brief argument by the Government and Defendant, the Jury also returned a Special Verdict (Doc. 99) for forfeiture of the Naples Residence, ASUS Laptop, and Cruzer Thumbdrive. The Special Verdict constituted a finding by the Jury that there was a nexus

---

[1] Although forfeiture was also authorized based on other offenses, the Government based its forfeiture request simply on Counts One, Two, and Three since those offenses were the most broad charges in the case and provided the simplest means on which to instruct the Jury on forfeiture.

between Counts One and Three, and the properties. The Government now requests that this Court issue a Preliminary Order of Forfeiture for these same items.

## LEGAL CONCLUSIONS

Title 18 U.S.C. § 2253(a)(3) and Fed. R. Crim. P. 32.2(b)(1) provide for preliminary forfeiture of property used or intended to be used to commit or promote violation of the child exploitation enterprise statute as charged in Count One and a violation of the advertising child pornography statute as charged in Count Three. Forfeiture is appropriate upon a court finding of a nexus, or connection, between the property and the violations. Fed. R. Crim. P. 32.2(b)(1)(A). The finding may be based on evidence already in the record and any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B). The burden of proof on forfeiture is preponderance of the evidence. *See, e.g., United States v. Cherry*, 330 F.3d 658, 669 (4th Cir. 2003). Here, the preponderance standard is easily satisfied.

Specifically, at the trial of this matter, the Government introduced evidence, detailed above, that, on numerous occasions, Defendant accessed an email account from the privacy of the Naples Residence so that he could operate Playpen; that Defendant accessed a PayPal account from the privacy of the Naples Residence so that he could operate Playpen; that, on numerous occasions, Defendant accessed the Playpen server from the privacy of the Naples Residence; and that Defendant was operating Playpen via the ASUS Laptop and Cruzer Thumbrive, in the privacy of the Naples Residence, when law enforcement executed the Search Warrant. Further, the Jury returned a Special Verdict of forfeiture based on this evidence.

The Government submits that such evidence, along with the Verdict and Special Verdict, are more than sufficient to establish by a preponderance of the evidence that the assets were used

or intended to be used to commit or promote the commission of the Count One and Count Three offenses.   18 U.S.C. § 2253(a)(3); *see also United States v. Ownby*, 926 F. Supp. 558, 566 (W.D. Va. 1996) (Overruling defendant's objection that forfeiture of residence in which he used computer to possess, receive, and transport child pornography was excessive; reasoning that "it is clear that the privacy afforded by the dwelling was essential to Ownby's commission of the charged offenses."), *aff'd*, 131 F.3d 138 (4th Cir. 1997) (Table); *United States v. Wilk*, 2007 WL 2263942, at *1 (S.D. Fl. Aug. 6, 2007) (same in case of forfeiture of residence when in excess of 90 images were on computer in home); *cf. United States v. 7046 Park Vista Road*, 537 F. Supp. 2d 929, 940-41 (S.D. Oh. 2008) (determining, on Government's summary judgment motion in civil forfeiture case, that residence in which Section 2251 and 2252 violations occurred was forfeitable).   The Court agrees.

It is, therefore ORDERED:

1.   Based upon Defendant's convictions, the trial evidence, the Verdict, and the Special Verdict, the United States is authorized to take and maintain possession of the following property belonging to Defendant, and the property is hereby forfeited to the United States for disposition according to law, provided, however, that such forfeiture is subject to any and all third party claims and interests, pending final adjudication herein:

- One ASUS laptop, serial number E1N0CV090739012;
- One Cruzer 128GB thumbdrive; and
- The real property at 3570 15th Avenue, SW, Naples, Florida, identified in a deed to Steve Chase and Barbara Chase, husband and wife, recorded at Book 2337, Page 0771 of the Collier County Clerk of the Circuit Court, also known as Parcel 37988440001, and more particularly described as follows:

    > THE EAST 105' OF THE EAST 180' OF TRACT 90, UNIT 27, GOLDEN GATE ESTATES, ACCORDING TO A PLAT THEREOF RECORDED IN PLAT BOOK 7, PAGES 17 AND 18, OF THE PUBLIC RECORDS OF

COLLIER COUNTY, FLORIDA.

2. Pursuant to 21 U.S.C. § 853(n)(1), the Government shall publish notice of this order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the Defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

3. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture.

SO ORDERED.

Signed: April 19, 2017

Richard L. Voorhees
United States District Judge