**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 17-4306**

───────────────

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

STEVEN W. CHASE,

          Defendant - Appellant.

───────────────

**No. 17-4675**

───────────────

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

STEVEN W. CHASE,

          Defendant - Appellant.

───────────────

**No. 18-4226**

───────────────

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

v.

STEVEN W. CHASE,

        Defendant - Appellant.

---

**No. 18-4240**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

STEVEN W. CHASE,

        Defendant - Appellant.

---

**No. 18-4347**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

STEVEN W. CHASE,

        Defendant - Appellant.

---

Appeals from the United States District Court for the Western District of North Carolina, at Statesville. Max O. Cogburn, District Judge; Richard L. Voorhees, Senior District Judge. (5:15-cr-00015-RLV-DCK-1; 5:15-cr-00015-MOC-DCK-1)

---

Submitted: February 26, 2019					Decided: March 15, 2019

Before NIEMEYER and KING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Anthony Martinez, Federal Public Defender, Ann L. Hester, Assistant Federal Public Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Brian A. Benczkowski, Assistant Attorney General, Matthew S. Miner, Deputy Assistant Attorney General, Ross B. Goldman, Reginald E. Jones, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; R. Andrew Murray, United States Attorney, Cortney S. Randall, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Steven Chase of engaging in a child exploitation enterprise, in violation of 18 U.S.C. § 2252A(g) (2012); advertising child pornography, in violation of 18 U.S.C. § 2251(d), (e); three counts of transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1), (b)(1); and possession of child pornography that involved a prepubescent minor, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2). The district court sentenced Chase to 360 months in prison for the enterprise conviction, a concurrent term of 360 months for advertising child pornography, and concurrent sentences of 240 months each for the remaining convictions. The court also ordered him to pay an aggregate of $70,000 in restitution to thirteen victims. Chase appeals the district court's judgment and restitution orders. We affirm.

We review an order of restitution for abuse of discretion. *United States v. Steele*, 897 F.3d 606, 609 (4th Cir. 2018). "A district court abuses its discretion when it (1) acts arbitrarily, as if neither by rule nor discretion, (2) fails to adequately take into account judicially recognized factors constraining its exercise of discretion, or (3) rests its decision on erroneous factual or legal premises." *Id.* (internal quotation marks omitted). Chase challenges the restitution order only as to one victim. After reviewing the record, we conclude that the district court did not abuse its discretion in ordering restitution for that victim. *See Paroline v. United States*, 572 U.S. 434 (2014); *United States v. Dillard*, 891 F.3d 151, 154 (2018).

Chase also contends that the district court violated the Double Jeopardy Clause by convicting and sentencing him for both the child exploitation enterprise and the

4

underlying predicate offenses. Chase, however, failed to make this argument to the district court. We, therefore, review for plain error. *See United States v. Cohen*, 888 F.3d 667, 678 (4th Cir. 2018). "To establish plain error, the appealing party must show that an error (1) was made, (2) is plain (*i.e.*, clear or obvious), and (3) affects substantial rights." *United States v. Lynn*, 592 F.3d 572, 577 (4th Cir. 2010). Our review of the record leads us to conclude that, even assuming that the district court erred, Chase has not established that the error was plain. *See United States v. King*, 628 F.3d 693, 700 (4th Cir. 2011).

    Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*