IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:15-CR-00015-KDB-DCK

| UNITED STATES OF AMERICA, | |
|---|---|
| v. | **ORDER** |
| STEVEN W. CHASE, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant's *Pro Se* Motion to Change Committed Name of Federal Prisoner (Doc. No. 220). The Court has carefully considered this motion and for the reasons discussed below, the Court will **DENY** the motion.

In September 2016, the Defendant was convicted by a jury of one count each of engaging in a child exploitation enterprise, advertising child pornography, and possession of child pornography that involved a prepubescent minor or minor who had not attained 12 years of age, and three counts of transportation or shipping of child pornography. *See* Doc. No. 98-1. After a series of appeals, Defendant was sentenced to a term of 360 months, to be served concurrently to three terms of 240 months, and a lifetime of supervised release. Doc. No. 205 at 2-3. In February 2021, the Court denied Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Doc. No. 215.

Now before the Court is Defendant's request that the Court compel the Bureau of Prisons ("BOP") to change Defendant's name in SENTRY, an information system used by BOP for inmate information and property management, from Steven William Chase to Hannah Marie Joker. *See* Doc. No. 220. Pursuant to BOP policy, SENTRY uses the inmate's "committed name, which may only be changed by an order from the Federal sentencing court." Program Statement 5800.15,

1

Correctional Systems Manual, Ch. 4 § 402(d) (Sept. 23, 2016), *available at* https://www.bop.gov/policy/progstat/5800_015_CN-01.pdf (last visited July 18, 2024). However, an inmate who has "adopt[ed] name changes in accordance with … other lawful means" may provide Correction Systems Department staff "with verifiable documentation of the name change which will be entered by staff in the SENTRY 'legal' name field." *Id.* Defendant has not sought to exhaust this administrative remedy. *See* Doc. No. 220 at 3. Accordingly, the Court will require Defendant to seek such relief before asking this Court to intervene.

Moreover, policy considerations further counsel the Court to deny relief. The Court recognizes that "[t]he manner in which the BOP organizes and categorizes its records is unquestionably 'reasonably related to a legitimate penological objective'—in particular, the 'efficient system of identification and administration of prisoners within its custody.'" *United States v. Wing*, No. 5:08-CR-324-F-1, 2017 WL 1102613, at *2 (E.D.N.C. Mar. 23, 2017) (quoting *Turner v. Safley*, 482 78, 87 (1987) and *Fawaad v. Jones*, 81 F.3d 1084, 1087 (11th Cir. 1996)). Were the Court to order BOP to change Defendant's name before Defendant seeks administrative relief, the Court would fail to give due deference to BOP's legitimate penological objectives and administrative processes. Thus, the Court will deny Defendant's motion.

**SO ORDERED.**

Signed: July 18, 2024

Kenneth D. Bell
United States District Judge